UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Criminal No. 19-20425

v.                                                  Hon. Bernard A. Friedman

MARIO KEEREAM JACKSON,

        Defendant.

_____/

**GOVERNMENT'S MOTION FOR AN ADJOURNMENT OF
THE TRIAL DATE AND A FINDING OF EXCLUDABLE DELAY**

    The Government respectfully moves this Court to adjourn the trial in this case, presently set for July 6, 2020, for at least 60 days, and make a finding that such a period of delay qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

    The Government's request follows the unprecedented and exigent circumstances created by the COVID-19 pandemic. COVID-19 has produced a health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption. On March 10, 2020, Governor Gretchen Whitmer announced a state of emergency following two confirmed cases

1

of COVID-19 in Michigan. President Donald Trump declared a national state of emergency on March 13, 2020. COVID-19 has infected thousands of people across all fifty states, the District of Columbia, and Puerto Rico, resulting in numerous fatalities. In order to slow the spread of the outbreak and lessen the load placed on our healthcare systems, various restrictions have been imposed on travel, access to public facilities, and government functions. Michigan is currently under a "Stay Home, Stay Safe" order, which will not expire until at least May 15, 2020, and may very well be extended.

As a part of these efforts, on March 13, 2020, this court postponed indefinitely most in-court proceedings, including trials, before district judges and magistrate judges in the Eastern District of Michigan in all criminal (and civil) cases and matters, and it postponed indefinitely all grand jury proceedings in the Eastern District of Michigan. *See* Administrative Order 20-AO-021. This Order also reflected the fact that the court cannot properly secure the presence of sufficient jurors and grand jurors in the courthouse without jeopardizing the health and safety of the prospective jurors, as well as the health and safety of court personnel. This Order further reflected the reality that the court staff, the Court Security Officers, and the Marshals Service could not operate or provide access to in-court proceedings without jeopardizing their health and safety.

Although the court has issued a blanket determination of excludable delay for Speedy Trial purposes in 20-AO-21, the Government requests this Court make case-specific findings supporting an adjournment and a determination of excludable delay. The Government submits the below case-specific reasons to support its request for an adjournment and a finding of excludable delay:

- This is a complex case. Defendant is charged in a twelve-count Indictment. The charges arise from five separate Hobbs Act armed robberies in five separate jurisdictions within the Eastern District of Michigan. Defendant is facing a mandatory minimum of 35 years if convicted at trial.

- Following the withdrawal of Defendant's previous counsel, current defense counsel was appointed on February 5, 2020. The government provided current defense counsel with discovery during the week of February 10, 2020. However, the discovery in this case is voluminous, and includes multiple videos, reports, and significant amounts of cell phone evidence.

- Michigan's initial "Stay Home, Stay Safe" order went into effect on March 23, 2020, only about one month after current defense counsel was appointed. Since that time, non-essential businesses have been closed, social distancing has been implemented, and travel has been strictly curtailed.

- Defendant is currently in the custody of the Michigan Department of Corrections. Due to the severe restrictions imposed on movement, meetings,

and travel recommended by public health officials and required under Executive Orders, neither defense counsel nor counsel for the government are able to effectively review the discovery materials and prepare for trial. For example, most jail facilities have imposed severe restrictions on visitation and have imposed internal restrictions as well. As a result, for any detained defendant, there has been, and continues to be, limited ability to meet with counsel to review the case.

- Specifically at issue in this case is voluminous cell phone evidence. This evidence is subject to a protective order, signed on December 10, 2019. (R.15 and R.16). Defense counsel must be able to meet with Defendant in-person to review this evidence. Moreover, a review of this evidence, for both trial preparation and plea negotiations, requires the parties to consult with the special agent who analyzed it. Due to current restrictions, the parties cannot do this.

- Defense counsel encountered difficulty in playing and accessing a portion of the discovery in this case. Because counsel for the government could not access the original files at the U.S. Attorney's Office due to the stay-at-home order, resolving these issues required remote troubleshooting. The issues are resolved as of the week of April 27, 2020, but defense counsel will require additional time to review this evidence with Defendant.

4

- Both the Government and defense counsel have a limited ability to meet with their respective agents and client and prepare witnesses for trial. Defense counsel has limited ability to access materials, visit and interview witnesses (including, if appropriate, expert witnesses), meet with the Government, and review discovery materials in the custody of the Government. Counsel for the government is similarly limited in its ability to meet with agents and both civilian and law enforcement witnesses, as well as to access material stored at government facilities. Further, counsel, U.S. Attorney's Office personnel, and victim-witness specialists have been encouraged to telework and minimize personal contact to the greatest extent possible. Trial preparation necessarily involves close contact with colleagues, witnesses, and others.
- The Speedy Trial Act specifically (and automatically) excludes delay resulting from the unavailability of the defendant or an essential witness. *See* 18 U.S.C. §§ 3161(h)(3)(A) (rendering excludable "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness") & 3161(h)(4) (excluding "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial"). In light of the restrictions on travel, movement, and public

appearances, these provisions further support the Government's request for an adjournment and an exclusion of this time.

- Overall, an adjournment is necessary to allow the Government, and Defendant, time to effectively prepare for trial, including reviewing discovery and contacting the parties' respective agents, civilian witnesses, law enforcement witnesses, and any experts. Failure to grant this continuance would unreasonably deny both parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

As described above, the Government's request for a continuance is warranted under the specific circumstances of this case. The Government sought concurrence and Defendant opposes this request. However, this Court has the authority to exclude the time in which the defendant must be brought to trial for "other proceedings concerning the defendant." 18 U.S.C. §3161(h)(7). The Supreme Court has noted that the Speedy Trial Act, "recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States*, 547 U.S. 489 (2006). A continuance of trial does not require the consent of a defendant. *United States v. Stewart*, 628 F.3d 246, 254 (6th Cir. 2010).

Therefore, for the reasons summarized above, the Government requests that this Court grant its motion and adjourn the trial in this matter for at least 60 days, and make a finding that such a period of delay qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of the this continuance outweigh the best interests of the public and the defendant in a speedy trial.

    Respectfully submitted,

    MATTHEW SCHNEIDER
    United States Attorney

    *s/Devon E. Schulz*
    Devon E. Schulz
    Assistant United States Attorney
    211 W. Fort Street, Suite 2001
    Detroit, MI  48226
    Phone:  (313) 226-0248
    E-Mail: devon.schulz@usdoj.gov

Dated: May 5, 2020

## Certificate of Service

I certify that on May 5, 2020, I electronically filed the foregoing document with the Clerk of the Court of the Eastern District of Michigan using the ECF system which will send notification of such filing to the following:

Mark Magidson
Attorney for the Defendant

> *s/Devon E. Schulz*
> Devon E. Schulz
> Assistant United States Attorney
> 211 W. Fort Street, Suite 2001
> Detroit, MI  48226
> Phone:  (313) 226-0248
> E-Mail: devon.schulz@usdoj.gov

Dated: May 5, 2020