UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

v.                                               Case No. 19-cr-20425
                                                Hon. Bernard A. Friedman

Mario Jackson,

       Defendant.
_____

**Defendant's Motion in Limine
to Prohibit Use of the Term "Felon"**

      Defendant moves this Honorable Court to prohibit use of the term "felon" at trial because it would violate his due process rights under the Fifth Amendment to the U.S. Constitution, and it would be more prejudicial than probative under Fed. R. Evid. 403.

Respectfully submitted,

                                                      Dated: January 31, 2022

/s/ *Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant
The David Whitney Bldg
One Park Avenue, Suite 1207
Detroit, MI 48226
(313) 963-4311
mmag100@aol.com

## Certificate Regarding Concurrence

      I certify and affirm, in compliance with E.D. Mich. LR 7.1(a)(2)(A), that there was a conference between the attorneys of record in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

/s/ *Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant

## Brief in Support of
## Defendant's Motion in Limine to Prohibit Use of the Term "Felon"

### Facts

      Defendant Jackson is charged with a 12-count indictment alleging five counts of crimes of violence in violation of the Hobbs Act, five counts of using or carrying a firearm during and in relation to a crime of violence, being a felon in possession of a firearm, as well as other allegations.

      Jackson has a prior felony conviction, and at trial, he will stipulate that he did not have a license to carry a firearm, and that he could not lawfully carry a firearm.

      Jackson objects to the use of the word "felon" at trail to describe him, his charges, or his prior record.

## Argument

Jackson is charged with being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1); however, § 922(g)(1) does not use the term "felon," and it is not titled "felon in possession" ("It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess . . . any firearm . . . .").

The Sixth Circuit has held that

> because the word "felon" is not used in the statute, there is no reason a court could not use alternative language — such as the language of the statute — instead of labeling the defendant a "felon" or referring to a charge under § 922(g) as "felon in possession." Indeed, if a court conducted a Rule 403 analysis and concluded that the use of the term "felon" or "felon in possession" was unfairly prejudicial, we see no reason such a ruling should not be upheld. [*United States v. Ray*, 803 F.3d 244, 260 (6th Cir. 2015).]

Federal Rule of Evidence 403 provides that this Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice." Once it is disclosed that Jackson is a convicted felon, the jury will find it more difficult to believe or trust him and his defense since societal views of convicted felons are negative.

The general public and the potential jurors are biased and prejudiced against former offenders, particularly those with a felony conviction. These feeling are manifested in numerous ways, particularly in the way society disenfranchises

felons, and as a society, we continue to punish felons long after they have served their sentence.

"[C]ourts in this Circuit have recognized the potential unfair prejudice that may arise as a result of trying a charge under § 922(g) with other charges arising from the same underlying conduct. Further, we recognize the proven impact of implicit biases on individuals' behavior and decision-making. Social scientists have examined extensively the theory of implicit bias in recent decades, especially as it relates to racial bias." *Ray*, 803 F.3d at 260-261 (citations to law review articles and journals omitted).

"In 48 states and the District of Columbia, all incarcerated persons are ineligible to vote. In addition, 35 states prohibit parolees from voting, 31 states do not allow felony probationers to vote, and in 14 states, a felony conviction can lead to loss of voting rights for life."[1]

The United States is the only democracy that indefinitely bars so many offenders from voting.[2]

---

[1] Ryan S. King and Marc Mauer, "The Vanishing Black Electorate: Felony Disenfranchisement in Atlanta, Georgia," The Sentencing Project Publication, September 2004 (available online at the time of writing at: https://www.sentencingproject.org/wp-content/uploads/2016/01/The-Vanishing-Black-Electorate-Felony-Disenfranchisement-in-Atlanta-Georgia.pdf); see also The Sentencing Project, "Felony Disenfranchisement Laws in the United States," April 2014 (available online at the time of writing at: https://www.sentencingproject.org/publications/felony-disenfranchisement-laws-in-the-united-states/).

[2] Alec C. Ewald, "'Civil Death': The Ideological Paradox of Criminal Disenfranchisement Law in the United States," Wisconsin Law Review (2002): 1045-1137.

Jackson argues that to avoid unfair prejudice and to guarantee a fair trial, the jury should only be informed that he is being charged with being "ineligible" to possess a weapon, and it can be stipulated that he did not have a license to carry a weapon and or that he was otherwise ineligible to carry a weapon. That way the only issue the jury would have had to consider is whether he "possessed" the weapon, and Jackson's felony status would not have been disclosed.

Cases in the federal and Michigan courts have recognized the problem with this charge and have held that the parties may stipulate to an unspecified felony so the jury will not be unduly prejudiced. For instance, where a defendant had a prior gun charge, and then later faced a new gun charge, the defendant contended that the former conviction would be too prejudicial to bring out before the jury.

In *People v. Swint*, 225 Mich. App 353, 379; 572 N.W.2d 666 (1997)(cited for persuasion), the Michigan Court of Appeals held that, based on *Old Chief v. United States*, 519 U.S. 172; 117 S Ct 644; 136 L.Ed.2d 574 (1997), a trial court abused its discretion by refusing to accept a defendant's stipulation that he had been convicted of a specific felony and was ineligible to possess a firearm. The U.S. Supreme Court addressed the risk of unfair prejudice:

> In dealing with the specific problem raised by 922(g)(1) and its prior-conviction element, there can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant. **That risk will vary from case to case, for the reasons already given, but will be substantial whenever the official record offered by the government would be arresting enough to lure a juror into a sequence of bad character reasoning**. Where a prior conviction was for a gun crime

> **or one similar to other charges in a pending case the risk of unfair prejudice would be especially obvious** . . . . [*Old Chief*, 519 U.S. at 185 (emphasis added).]

The Honorable Gershwin A. Drain, for the U.S. Eastern District Court of Michigan, held that use of the term felon in a 922(g)(1) case could be unfairly prejudicial. *United States v. Nixon*, Case No. 15-20020, ECF No. 54, PageID.358; 2015 U.S. Dist. LEXIS 176493, p. 18 (E.D. Mich. Oct. 14, 2015) (cited for persuasion). Based on the Sixth Circuit's holding in *Ray* and the finding that the term felon could be unfairly prejudicial, Judge Drain held that

> the term "felon" shall not be used in the course of any trial proceedings in this case, including, without limitation, during jury selection, in the jury instructions, and during opening statements, questioning of witnesses, and closing arguments. [*Nixon*, ECF No. 54, PageID.357.]

Judge Drain went on to deny the defendant's request in *Nixon* to use the term "ineligible" instead of "using the statutory language that he had a prior conviction for a crime punishable by imprisonment for a term exceeding one year." *Id*. at 358. However, the defense argues in this case that the term ineligible is satisfactory and avoids any unfair prejudice entirely.

Any mention of the word "felon" in firearm possession cases creates the prejudice, and therefore, in order to eliminate this prejudice and violation of due process, the parties would stipulate to two of the elements of the charge, that Jackson had a prior felony and was not eligible to possess a firearm. The jury

would then be instructed to decide whether Jackson "possessed" a firearm, and if so, he would be found guilty of wrongful possession of a firearm.

Other aspects of criminal jurisprudence respect the fact that mentioning or disclosing a defendant's prior criminal record is generally more prejudicial than probative. For instance, sentencing enhancements under the Enhancement Statutes are not disclosed to the jury. Similarly, the underlying convictions that give rise to other enhancements under state criminal sexual conduct statues or the second offense for felony firearm or even felony drunk driving are not disclosed to the jury due to unfair prejudice.

Because the statute does not refer to the offense as being a "Felon in Possession" of a firearm and does not use the term "felon," disclosing that Jackson has a prior "unspecified felony" affects his substantial rights since it automatically taints the jury's opinion of him. That is a violation of Due Process.

In explaining the charge, this Court could simply state that Jackson is charged with violating § 922(g)(1), which prohibits ineligible persons from possessing weapons. When charging the jury on this count, this Court could advise the jurors that the parties have stipulated that Defendant was not eligible to possess a weapon; then, the jury will only have to decide whether he actually possessed the weapon.

WHEREFORE, Defendant moves this Honorable Court to grant his Motion to prohibit the use of the term "felon" at trial when referring to either Jackson, his prior conviction, or the charge during jury selection, in the jury instructions, during opening statements, questioning of witnesses, and closing arguments.

Respectfully submitted,

/s/ *Mark H. Magidson*  Dated: January 31, 2022
MARK H. MAGIDSON (P25581)
Attorney for Defendant
The David Whitney Bldg
One Park Avenue, Suite 1207
Detroit, MI 48226
(313) 963-4311
mmag100@aol.com

**Certificate of Service**

I certify that on January 31, 2022, I electronically filed the above *Motion* with the Clerk of the Court using the CM/ECF system, which served the filing to the parties of record.

/s/ *Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant