UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                 Criminal No. 19-CR-20425

vs.                                                       HON. BERNARD A. FRIEDMAN

MARIO KAREEM JACKSON,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE**

        This matter is presently before the Court on defendant's motion in limine. (ECF No. 110). The government has responded. Defendant has not replied and the time for doing so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the following reasons, the Court shall deny the motion.

        This is a Hobbs Act case involving five alleged violent robberies of Walgreens drug stores in and around Detroit, Michigan. Defendant is charged in a twelve-count superseding indictment with various crimes, including being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

        In the instant motion, defendant requests that the Court "prohibit the use of the term 'felon' at trial when referring to either Jackson, his prior conviction, or the charge during jury selection, in the jury instructions, during opening statements, questioning of witnesses and closing arguments." (ECF No. 110, PageID.744). Defendant contends that pursuant to Fed. R. Evid. 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." (*Id*., PageID.739). He argues that because "[t]he general public and the potential jurors are biased and prejudiced against former offenders,"

"[o]nce it is disclosed that Jackson is a convicted felon, the jury will find it more difficult to believe or trust him and his defense." (*Id*.). Here, rather than using the term "felon," defendant suggests:

> In explaining the charge, this Court could simply state that Jackson is charged with violating § 922(g)(1), which prohibits ineligible persons from possessing weapons. When charging the jury on this count, this Court could advise the jurors that the parties have stipulated that Defendant was not eligible to possess a weapon; then, the jury will only have to decide whether he actually possessed the weapon.

(*Id*., PageID.743).

In response, the government argues that in order to convict defendant under § 922(g)(1) it must prove, beyond a reasonable doubt, that "defendant is a felon, defined as a 'person convicted of . . . a crime punishable by imprisonment for a term exceeding one year.'" (ECF No. 112, PageID.751-52). The government contends that even if defendant stipulates that he was "ineligible to possess a firearm," as he proposes, the government will still be obligated to prove "ineligibility" as defined by the statute – i.e., that defendant was previously convicted of a felony. (*Id*., PageID.752). However, the government states that if Jackson is willing to stipulate to any of the elements of the offense, it would accept those stipulations. (*Id*.). For example, the government indicates that defendant could stipulate "that he has a prior conviction for a crime punishable by imprisonment exceeding one year . . . – not the watered down version of simple ineligibility that Jackson proposes." (*Id*., PageID.753). The government adds that because it must prove all elements of the offense beyond a reasonable doubt, "stipulations to any of the elements of the offense must still be submitted to the jury." (*Id*., PageID.752-53). For these reasons, the government argues, "[t]o preclude [it] from using the word 'felon' would be not only legally unsound, but also fundamentally unfair." (*Id*., PageID.756).

A motion in limine refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Defendant's precise request has been addressed by various other judges in this district:

> In [*United States v. Nixon*, No. 15-CR-20020, Dkt. 54 (E.D. Mich. Oct. 14, 2015) (Drain, J.)], the court recognized that use of the term "felon" could be unfairly prejudicial to a defendant. *Id*. at 11. However, the court went on to hold that the defendant's suggestion that the jury being told simply that he is "ineligible to possess a firearm," as opposed to receiving the statutory language that the defendant had a prior conviction for a crime punishable by imprisonment for a term exceeding one year, "would eliminate from the jury's consideration one of the elements of the crime." *Id*.; *accord United States v. Watson*, 787 F. Supp. 2d 667, 677 (E.D. Mich. 2011) (recognizing that it might be unfairly prejudicial for the jury to hear that the defendant was convicted of a drug crime, thus permitting the defendant to stipulate to having been convicted of a crime punishable by more than a year in prison).

*United States v. Bigham*, No. 14-CR-20676, 2016 WL 738045, at *6 (E.D. Mich. Feb. 25, 2016) (Goldsmith, J.).

The Sixth Circuit has explained that

> where the "name [or] nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to provide the element of the prior conviction," a district court abuses its discretion by rejecting a defendant's offer to stipulate to the existence of the predicate offense.

*Myers v. United States*, 198 F.3d 615, 618 (6th Cir. 1999) (quoting *Old Chief v. United States*, 519 U.S. 172, 174 (1997)). Therefore, defendant may stipulate that he committed an unspecified prior felony in order to minimize the potential prejudice he may suffer if the nature or details of his prior offense were revealed to the jury. However, the stipulation defendant proposes – that he was "not eligible to possess a weapon" – does not establish the predicate

3

offense and therefore does not satisfy an element of § 922(g)(1).   The Court may not eliminate from the jury's consideration one of the elements of the crime charged.   Accordingly,

IT IS ORDERED that defendant's motion in limine (ECF No. 110) is denied.

Dated: March 10, 2022
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge