UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.                                      Case No. 19–cr–20425

                                          Hon. Bernard A. Friedman

Mario Keeream Jackson,

        Defendant.

_____

**Defendant's Motion for Early Production of Discovery**

      Defendant Mario Jackson, represented by attorney Mark H. Magidson, moves this Honorable Court to order the early production of the government's disclosures under Fed. R. Crim. P. 16(a), Jencks Act material under 18 U.S.C. § 3500, witness statements, cooperation agreements, sealed reports, *Brady* and *Giglio* material, and the government's witness and exhibit lists at least three months before the January 10, 2023 jury trial.

## Certificate Regarding Concurrence

I certify and affirm, in compliance with E.D. Mich. LR 7.1(a)(2)(A), that there was a conference between the attorneys of record in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought,

/s/ *Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant

## Brief in Support of
## Defendant's Motion for Early Production of Discovery

### Facts

Defendant Jackson is charged with a 12-count indictment alleging five crimes of violence in violation of the Hobbs Act, five counts of using a firearm "during and in relation to a crime of violence," being a felon in possession of a firearm, as well as other allegations. (Ind., ECF No. 1, PageID.1–7).

The Indictment alleges that Jackson robbed or attempted to rob five different Walgreens stores from about November 2018 until March 2019. Each incident involves surveillance video and multiple res gestae witnesses from each Walgreens store.

In addition, this case involves the government's investigation of cell phone tower data to attempt to identify Jackson. It also involves the execution of a search warrant at Jackson's girlfriend's house where the alleged pistol used in the robberies was found. The government's expert found trace DNA on the pistol, and the defense expert found two donors' DNA on the pistol, which included Jackson's girlfriend as the larger donor.

The jury trial is scheduled for January 10, 2023.

## Argument

The Federal Rules of Criminal Procedure provide that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).

"[T]he Jencks Act contemplates not only the furnishing of the statement of a witness but a reasonable opportunity to examine it and prepare for its use in the trial." *United States v. Holmes*, 722 F.2d 37, 40 (4th Cir. 1983).

Although the Jencks Act permits the government to wait for disclosure until after a witness testifies, the Sixth Circuit has encouraged the government to provide the information earlier in appropriate cases in order to prevent delay at trial: "the better practice—and that followed in most federal courts today—is for the government to produce such material well in advance of trial." *United States v. Minsky*, 963 F.2d 870, 876 (6th Cir. 1992). "[A]s a general proposition, a district court judge would do well to err on the side of generosity in allowing defendant's counsel to review the sometimes critical record of a witness, grand jury testimony." *United States v. Blay*, 842 F.2d 333 (6th Cir. 1988). "[I]n cases where there are many statements or where the bulk of witness statements is large, the government will agree, **or it may even be ordered**, to deliver material at an earlier time

so as to avoid lengthy delays before the beginning of cross-examination." *Holmes*, 722 F.2d at 40 (emphasis added). "[A] trial court could use its inherent powers to order disclosure of specific evidence when justice so requires." *United States v. Ham*, Case No. 3:08-cr-10; Memorandum and Order, ECF No 31, PageID.95; 2008 U.S. Dist. LEXIS 80099 (E.D. Tenn. Oct. 9, 2008) (citing *United States v. Presser*, 844 F.2d 1275, 1285 n 12 (6th Cir. 1988)).

In *Ham*, the defendant was charged with possession of crack cocaine with intent to distribute, possession of pistols in the furtherance of a drug trafficking crime, and being a felon in possession of firearms and ammunition. (Order, ECF No. 31, PageID.93). The defendant was detained pending his trial. *Id*.

The *Ham* defendant moved for early production of Jencks material, arguing that "because the government's case turns upon eyewitness testimony, meaningful time to review the witnesses' pretrial statements prior to cross-examination is essential to his defense." *Id*. at 92. The district court granted the defendant's motion. *Id*. at 95.

The *Ham* district court noted that "[t]he government asserts no substantial reason, such as danger to its witnesses, or indeed any reason for declining to produce Jencks Act materials before trial but, instead, merely

stands upon its rights under the statute." *Id*. at 93–94. The court went on to find that

> [i]n the present case, the Court is not seeking to "disregard the Jencks Act mandate," see *id*., yet it finds the defendant's argument that the prompt administration of justice favors early disclosure of Jencks Act materials in this case to be compelling. This is especially true in the absence of any countervailing contention that the government's witnesses would be endangered or intimidated by the defendant, who is detained. [*Id*. at 95.]

There is good cause to order the early production of discovery in this case, just as in *Ham*. The case is complex, involving five separately charged incidents. The facts and witnesses are different for each incident.

There will also be expert testimony about the government's cell phone tower investigation and technology, as well as DNA expert testimony about the touch DNA found on the pistol.

The government has not stated any reason for withholding the requested discovery material. Jackson has been in custody and is no threat to any witnesses.

Because Jackson cannot review the government's evidence now, he cannot anticipate any potential motions that will need to be filed after the discovery material is produced.

The discovery will be voluminous, and the defense will need a significant amount of time to prepare for trial to preserve his right to

confront witnesses and present a defense under the Sixth Amendment to the U.S. Constitution. Early production of discovery will provide Jackson with a fair trial, and avoid unnecessary expense and delay for the Court, parties, and the witnesses and jurors during trial.

WHEREFORE, Defendant Jackson moves this Honorable Court to order the early production of the government's disclosures under Fed. R. Crim. P. 16(a), Jencks Act material, witness statements, cooperation agreements, sealed reports, *Brady* and *Giglio* material, and the government's witness and exhibit lists at least three months before the January 10, 2023 jury trial.

Respectfully submitted,                                                  Dated: September 22, 2022

/s/ *Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant
The David Whitney Bldg
One Park Avenue, Suite 1207
Detroit, MI 48226
(313) 963-4311
Fax: (313) 995-9146
mmag100@aol.com

## Certificate of Service

I certify that on September 22, 2022, I electronically filed the above *Motion* with the Clerk of the Court using the CM/ECF system, which served the filing to the parties of record.

/s/ *Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant