UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                                      Case No. 19–cr–20425
                                        Hon. Bernard A. Friedman

Mario Jackson,

      Defendant.

_____

## Defendant's Motion in Limine
## to Suppress Information Obtained from Jail Phone Call

Defendant moves this Honorable Court, pursuant to the Fourth Amendment of the United States Constitution and the Federal Rules of Criminal Procedure, Rule 12(b)(3)(C), for an order excluding all evidence illegally obtained by the recording of Defendant's cell phone call with an inmate.

Respectfully submitted,

                                                        Dated:  January 9, 2023

/s/*Mark H. Magidson*
Mark H. Magidson (P25581)
Attorney for Defendant
The David Whitney Building
One Park Avenue, Suite 1207
Detroit, MI 48226
(313) 963-4311
mmag100@aol.com

## Certificate Regarding Concurrence

I certify and affirm, in compliance with E.D. Mich. LR 7.1(a)(2)(A), that there was a conference between the attorneys of record in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

/s/*Mark H. Magidson*
MARK H. MAGIDSON(P25581)
Attorney for Defendant

**Brief in Support of
Defendant's Motion in Limine
to Suppress Information Obtained from Jail Phone Call**

**Facts**

Defendant Jackson is charged with a 12-count indictment alleging five counts of crimes of violence in violation of the Hobbs Act, five counts of using or carrying a firearm during and in relation to a crime of violence, being a felon in possession of a firearm, as well as other allegations.

The government intends to introduce evidence obtained from recording a phone call from an inmate in the Michigan Department of Corrections that was made to a telephone number attributed to Jackson's cell phone where Jackson was stating he was at Tappers Jewelry store. The Government thereafter seized security video from the Trappers store that purports to show Jackson on the phone. Jackson moves to suppress all evidence obtained from the recording of his phone call.

**Argument**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The U.S. Supreme Court has recognized that the "basic purpose of this

Amendment" "is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." *Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018) (citation omitted). "[T]he Fourth Amendment governs not only the seizure of tangible items, but extends as well to the recording of oral statements." *Katz v. United States*, 389 U.S. 347, 353, 88 S. Ct. 507, 512 (1967) (citation omitted).

"It is well-established that a defendant claiming that a search violated his Fourth Amendment rights has the burden of demonstrating that he had a legitimate expectation of privacy in the place that was searched." *United States v. Talley*, 275 F.3d 560, 563 (6th Cir. 2001) (citation omitted).

A court must conduct a two-part analysis when considering whether a legitimate expectation of privacy exists. First, the court must ask "whether the individual, by his conduct, has exhibited an actual expectation of privacy; that is, whether he has shown that he sought to preserve something as private." *Bond v. United States*, 529 U.S. 334, 338, 120 S. Ct. 1462, 146 L. Ed. 2d 365 (2000) (internal citation omitted). Second, the court must "inquire whether the individual's expectation of privacy is one that a society is prepared to recognize as reasonable." *Id.* (citation omitted).

First, this is not a case where Defendant Jackson was a prisoner at the time his phone call was recorded. He was called by a prisoner, and he was not even

indicted at the time. Any penological interests the government may have in recording a prisoner's phone calls and infringing a prisoner's Fourth Amendment rights has not been demonstrated as a sufficient reason for recording Jackson and using that recording against him.

In *Turner v. Safley*, 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987), the Supreme Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to a legitimate penological interest."

The defense could not find any cases where courts have applied the U.S. Supreme Court's legitimate penological interest test in *Turner* to the violation of a non-inmate's constitutional rights. *Long v. Cty. of Saginaw*, Case No. 12-cv-15586, ECF No. 35, PageID.522, 2014 U.S. Dist. LEXIS 63533, pp. 16-19 (E.D. Mich. May 8, 2014) (cited for persuasion). "[W]hen the Sixth Circuit has considered the Fourth Amendment rights of visitors in penitentiaries, the Sixth Circuit has not used the *Turner* analysis to determine whether the legitimate penological interests override a visitor's Fourth Amendment constitutional rights." *Id.* at 523 (citation omitted).

Jackson had a reasonable expectation of privacy in his cell phone call, even though he was talking to an inmate. The Supreme Court has held that a warrant is required to obtain cell phone data. *Riley v. California*, 573 U.S. 373, 385-86, 134 S.

Ct. 2473, 2484-85 (2014). The Supreme Court also held that electronically recording a person's conversation made in a telephone booth violated a reasonable expectation of privacy and constituted a search and seizure within the meaning of the Fourth Amendment. *Katz*, 389 U.S. at 353.

Jackson was speaking on his cell phone to an inmate. In that conversation, Jackson mentioned to the caller that he was at a jewelry store at the Summerset Mall in Troy Michigan. Thereafter, agents for the Government searched and seized security videos from or near the Tappers store. The conversation was not intended for any other person other than Jackson and the inmate. The Supreme Court's decisions have established that society is prepared to recognize a reasonable expectation of privacy in a person's cell phone calls.

WHEREFORE, Defendant moves this Honorable Court for an order excluding at trial all evidence illegally obtained by the recording of Defendant's cell phone call with an inmate.

Respectfully submitted,

/s/*Mark H. Magidson*
MARK H. MAGIDSON(P25581)
Attorney for Defendant
The David Whitney Bldg
One Park Avenue, Suite 1207
Detroit, MI 48226
(313) 963-4311
mmag100@aol.com

Dated:  January 9, 2023

## Certificate of Service

I certify that on January 9, 2023, I electronically filed the above *Motion* with the Clerk of the Court using the CM/ECF system, which served the document(s) to the parties of record.

/s/*Mark H. Magidson*
MARK H. MAGIDSON(P25581)
Attorney for Defendant