UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.                          Case No. 19–cr–20425
                          Hon. Bernard A. Friedman

Mario Jackson,

        Defendant.

_____

### Defendant's Motion for an Order to Show Cause

Defendant moves this Honorable Court, pursuant to Fed. R. Crim. P. 17(g), for an Order to Show Cause why nonparty T-Mobile should not be held in contempt for failing to produces documents in compliance with a subpoena issued by this Court.

Respectfully submitted,

Dated: March 9, 2023

/s/*Mark H. Magidson*
Mark H. Magidson(P25581)
Attorney for Defendant
The David Whitney Building
One Park Avenue, Suite 1207
Detroit, MI 48226
(313) 963-4311
mmag100@aol.com

### Brief in Support of

## Defendant's Motion for an Order to Show Cause

## Facts

The defense sought and obtained a subpoena, dated February 18, 2023, directed to T-Mobile to produce the following documents related to Defendant Jackson's cell phone number:

1.      Copies of any legal demands from law enforcement relating to target number (313) 742-1482. (Search Warrants, Court Order(s) and/or Title III Orders utilized to obtain information relating to this number)

2.      Copies of any emails, or phone correspondence logs, relating to target number (313) 742-1482, along with names of law enforcement officer in communication with T-Mobile and identity of T-Mobile legal compliance, or interceptions, expert assisting with providing records.

3.      Copies of any/all subscriber information pertaining to target number (313) 742-1482, along with applicable legal demand to obtain such information (pursuant to a search warrant, court order or Title III order)

4.      Copies of any call detail records (CDRs) for target number (313) 742-1482, along with applicable legal demand to obtain such information (pursuant to a search warrant, court order or Title III order).

5.      Government discloses there were 18 contacts with a separate active Title III Wire Intercept involving target number (313) 742-1482 months before any robberies.  Request T-Mobile provide any identifying information, copies of any CDRs, email of fax correspondence between law enforcement and T-Mobile Interception Specialist relating to this Title III intercept and the 18 contacts involving (313) 742-1482.

6.      Copies of any certifications and legends (Keys) provided to law enforcement for target number (313) 742-1482.

7.      If records are not located by T-Mobile, request copies of any purging authority and/or retention mandates, including any explanations why records relating to (313) 742-1482 are not available.

The subpoena was served on February 18, 2023, by U.S. mail, certified signed return receipt, to John Jezek, a T-Mobile Subpoena Compliance Specialist.

Rather than filing a motion to quash or modify the subpoena under Fed. R. Crim. P. 17(c)(2), T-Mobile responded by only producing Jackson's subscriber information and a document for interpreting T-Mobile's records, generally. T-Mobile also objected to the subpoena by stating that

[i]n regard to identifier(s) 3137421482, The legal demand does not include a date range. Subscriber information for the issue date has been provided. If additional information is required, please resubmit the demand to include a reasonable date range. [Exhibit A – T-Mobile Objection.]

On March 6, 2023, defense counsel sent a clarifying email to T-Mobile:

To be clear, we are seeking the same material that was provided to the Government.

With regards to the date ranges, there were 18 contacts with Jackson's phone with another FBI-OCGVCTF investigation from 09/10/2018 through 10/15/2018.  We requested any/all data provided to LE from this separate Title III investigation, which was prior to the armed robberies.

The date ranges from the Governments warrants span from 11/25/2018 through 12/29/2018…the tower dump warrant was signed on, or about, 01/09/2019.

The second warrant dated 04/24/2019, signed by Christopher McClain, was served on T-Mobile.  T-Mobile provided the Government a response to both of these warrants.  [Exhibit B – Defense Email.]

T-Mobile has still refused to comply with the subpoena and produce the requested records.

## Argument

Federal Rule of Criminal Procedure 17(c) authorizes a party to issue a subpoena duces tecum for the production of documents in court prior to trial for inspection by the parties and their attorneys. Fed. R. Crim. P. 17(c).

"The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district." Fed. R. Crim. P. 17(g). "The concept that citizens have a duty to assist in enforcement of the law is at least in part the predicate of Fed. Rule Crim. Proc. 17, which clearly contemplates power in the district courts to issue subpoenas duces tecum to nonparty witnesses and to hold noncomplying nonparty witnesses in contempt." *United States v. New York Telephone Co.*, 434 U.S. 159, 175, n. 24, 98 S. Ct. 364, 54 L. Ed. (2d) 376 (1977).

"A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as … [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401.

"An unwarranted attempt to obstruct a court in the performance of its duty to do justice by a witness' failing to obey a lawful subpoena is met with an exercise judicially of the power constitutionally to punish for contempt." *United States v. Williams*, 557 F. Supp. 616, 623-24 (E.D. Tenn. 1982) (citation omitted).

T-Mobile failed to produce the requested documents in compliance with this Court's subpoena, and it has failed to file a motion to quash or modify the subpoena as required by Fed. R. Crim. P. 17(c)(2), rather than simply objecting and failing to produce.

The defense has prepared a proposed Order for nonparty T-Mobile to show cause why it should not be held in contempt for failing to comply with this Court's subpoena. (See attached Order to Show Cause).

WHEREFORE, Defendant moves this Honorable Courtfor an Order to Show Cause why nonparty T-Mobile should not be held in contempt for failing to produces documents in compliance with a subpoena issued by this Court.

Respectfully submitted,

/s/*Mark H. Magidson*
MARK H. MAGIDSON(P25581)

Attorney for Defendant
The David Whitney Bldg
One Park Avenue, Suite 1207
Detroit, MI 48226
(313) 963-4311
mmag100@aol.com


Dated:  March 9, 2023


## Certificate of Service

I certify that on March 9, 2023, I electronically filed the above *Motion*

with the Clerk of the Court using the CM/ECF system, which served the

document(s) to the parties of record.

I further certify that on March 9, 2023, I served, via U.S. mail, the

above *Motion* to John Jezek, Subpoena Compliance Specialist, T-Mobile

Legal Compliance, at 4 Sylvan Way, Parsippany, NJ07054.

I further certify that I emailed the motion to T Mobile at

LER2@T-Mobile.com.

/s/*Mark H. Magidson*
MARK H. MAGIDSON(P25581)
Attorney for Defendant

EXHIBIT      A

**T Mobile**

Law Enforcement Relations
4 Sylvan Way, Parsippany, N.J. 07054
Email: lerinbound@t-mobile.com
Phone: (973) 292-8911 Fax: (973) 292-8697                                February 27, 2023

---

T-Mobile Tracking ID: 4272843

# Objection

T-Mobile hereby objects to the referenced legal demand and is unable to respond to your request for the following reason(s):

> In regard to identifier(s) 3137421482, The legal demand does not include a date range. Subscriber information for the issue date has been provided. If additional information is required, please resubmit the demand to include a reasonable date range.

Notwithstanding the above objections, and without waiving same, T-Mobile may also object to the referenced legal demand for one or more of the following reason(s):
a) failure of personal service; b) lack of personal jurisdiction; c) demand is facially invalid; d) demand is overbroad, unduly burdensome and/or not refined in scope or date range; e) demand does not provide reasonable time for response; f) demand seeks electronic records that are not readily accessible; and/or g) demand seeks records that are not stored or maintained by T-Mobile.

EXHIBIT     B

**From:** MMag100@aol.com
**Subject:** USA v Jackson
**Date:** March 6, 2023 at 2:05 PM
**To:** LER2@T-Mobile.com ler2@t-mobile.com
**Cc:** Eric Tang attyerictang@mac.com



T-Mobile,

To be clear, we are seeking the same material that was provided to the Government.

With regards to the date ranges, there were 18 contacts with Jackson's phone with another FBI-OCGVCTF investigation from 09/10/2018 through 10/15/2018.  We requested any/all data provided to LE from this separate Title III investigation, which was prior to the armed robberies.

The date ranges from the Governments warrants span from 11/25/2018 through 12/29/2018...the tower dump warrant was signed on, or about, 01/09/2019.

The second warrant dated 04/24/2019, signed by Christopher McClain, was served on T-Mobile.  T-Mobile provided the Government a response to both of these warrants.

I trust this clears up any ambiguity. Thank you.


Mark H. Magidson, Esq.
1 Park Avenue, Suite 1207
Detroit, MI 48226
313-963-4311
Fax 313-995-9146
mmag100@aol.com