UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

v.                               Case No. 19–cr–20425
                                    Hon. Bernard A. Friedman

Mario Jackson,

       Defendant.

_____

### Defendant's Motion to Continue Trial

Defendant moves this Honorable Court to continue the April 11, 2023 trial date for at least 60 days pursuant to this Court's discretionary authority under The Speedy Trial Act in 18 USC 3161(h)(7)(A), and E.D. Mich. LR 40.2, and to protect Defendant's Fifth and Sixth Amendment rights to Due Process and Confrontation.

       Respectfully submitted,

                                Dated: April 3, 2023

/s/*Mark H. Magidson*
Mark H. Magidson (P25581)
Attorney for Defendant
The David Whitney Building
One Park Avenue, Suite 1207
Detroit, MI 48226
(313) 963-4311
mmag100@aol.com

**Certificate Regarding Concurrence**

I certify, in compliance with E.D. Mich. LR 7.1(a)(2)(A), that there was a conference between the attorneys in which the movant explained the nature of the motion and its legal basis, and the government does not oppose Defendant's requested relief.

/s/ *Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant

**Brief in Support of
Defendant's Motion to Continue Trial**

## Facts and Procedural History

Defendant Jackson is charged with a 12-count indictment alleging five counts of crimes of violence in violation of the Hobbs Act, five counts of using or carrying a firearm during and in relation to a crime of violence, being a felon in possession of a firearm, as well as other allegations.

The government obtained a warrant to "trap and trace" Jackson's cell phone.

After analyzing T-Mobile records it became apparent to the defense, with the assistance of anexpert, that there were irregularities and items missing from what was provided to the defense; and as a consequence, in order to properly defend this matter, the defense needed to determine if certain records existed and to obtain additional, original records. Defense counsel asked his expert, Ryan Harmon, to speak directly with T-Mobile to identify and produce the necessary records.

Harmon contacted T-Mobile technical support, but after a few calls, he was advised that he needed court authorization to speak with T-Mobile's technical support staff. Counsel then had to petition thisCourt for an order permitting T-Mobile to speak directly with Harmon. Defense counsel believes that petition was filed under seal—a process that took a week or more.

After obtaining that Order, it was revealed that T-Mobile could not communicate with the defense because of a non-disclosure Order prohibiting T-Mobile from communicating with third parties. Motions and orders had to be prepared and filed to set aside that earlier non-disclosure Order.

Thereafter, expert Harmon was in regular contact with the T-Mobile tech support, the information was about to be released, but then a tech support staff member told Harmon that it was protocol to "run it by corporate legal counsel" to get formal approval. Several days later defense counsel received an email from "corporate legal counsel" stating that the records did not exist, or it was too burdensome to compile, and many other excuses, which was contrary to what Harmon had been told.

After further researching this issue, defense counsel filed (under seal) a Motion for a Federal Rule of Criminal Procedure 17(c) subpoena. This Court granted the motion for the subpoena, and it was served via certified mail, giving T-Mobile over a week to deliver the records.

When the time for delivery had passed, counsel emailed T-Mobile, but to no avail. The email advised T-Mobile that unless it complied with the subpoena a motion for order to show cause would be filed.

When nothing was forthcoming, counsel filed a Motion for an order to show cause why T-Mobile should not be held in contempt. The court granted the

Motion and set a show cause hearing date. Then, general counsel for T-Mobile reached out to defense counsel, and for a few days, they negotiated language that was reduced to an Order to compel. Finally on March 27, 2023, a resolution was reached, but T-Mobile advised that it would need a minimum of 10 days to comply with the order. The conclusion of the 10 days takes us to the eve of trial.

The defense has been actively pursuing these records for over two-and-a-half months.

## Argument

### I.   At Defendant's request, granting a continuance outweighs the public's interest in a speedy trial.

The Speedy Trial Act requires commencement of trial within 70 non-excludable days from the later of the defendant's first appearance or the filing date (and making public) of the information or indictment. 18 U.S.C. § 3161(c)(1). The speedy trial clock re-starts upon the issuance of a superseding indictment. *United States v. Smith*, 510 F. App'x 390, 393-94 (6th Cir. 2013).

The current operative date is August 11, 2021, the date of filing the Superseding Indictment. (ECF No. 93). Since then, this Court has continued the trial date to April 11, 2023, finding excludable delays.

The Speedy Trial Act provides that a court may set a trial date outside of the Act's 70-day rule "if the judge grant[s] such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

"[W]hen granting a continuance, a district court must state in the record, either orally or in writing, its reasons for determining that granting the continuance outweighs the public's and the defendant's interest in a speedy trial, based on the factors set forth in (h)(7)(B)." *United States v. Richardson*, 681 F.3d 736, 739 (6th Cir. 2012). "The factors, among others, which a judge shall consider in determining whether to grant a continuance," are as follows:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> *   *   *
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the

reasonable time necessary for effective preparation, taking into account the
exercise of due diligence.  [18 U.S.C. 3161(h)(7)(B)(i)–(iv).]

"Defense counsel's need for additional time to prepare an unusually complex
case is an appropriate reason for granting a continuance."*Richardson*, 681 F.3d at
740 (citation omitted).

In this case, the defense has been diligently pursuing discovery and
investigation of Jackson's cell phone records from nonparty T-Mobile. T-Mobile
has finally agreed to produce the records subpoenaed by the defense; however, T-
Mobile has indicated that it will not be able to provide the records until on or
about April 9, 2023, just a few days before trial. That will not be enough time for
the defense expert to review those records and be prepared for trial on April 11,
2023. The defense also does not know if there will need to be additional motions
filed or prior motions reraised.

Considering the Speedy Trial Act factors and the nature of the evidence that
Jackson is waiting for from T-Mobile, the failure to grant a continuance now would
likely result in requiring a continuance during the middle of trial or could "result in
a miscarriage of justice" by the defense not being prepared for trial.18 U.S.C.
3161(h)(7)(B)(i). For the same reason, "it is unreasonable to expect adequate
preparation for pretrial proceedings or for the trial itself within the time limits
established by this section." 18 U.S.C. 3161(h)(7)(B)(ii). "[T]he failure to grant such

a continuance … would deny counsel for the defendant … the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. 3161(h)(7)(B)(iv).

## II.   A continuance of trial is necessary to protect Defendant Jackson's Right to Counsel, Confrontation, and to present a defense.

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. Amend, VI.

The right of an accused to present a defense has long been recognized as "a fundamental element of due process of law." *Washington v. State,* 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967).

In a long line of cases that includes *Powell v. Alabama*, 287 U.S. 45, 53 S. Ct. 55, 77 L. Ed. 158 (1932), *Johnson v. Zerbst*, 304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938), and *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 (1963), the U.S. Supreme Court has recognized that the Sixth Amendment right to counsel exists and is necessary to protect the fundamental right to a fair trial. The Constitution guarantees a fair trial through the Due Process Clauses, but it defines the basic elements of a fair trial largely through the several provisions of the Sixth Amendment, including the Counsel Clause:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . and to have the Assistance of Counsel for his defense.

Thus, a fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding. The right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the "ample opportunity to meet the case of the prosecution" to which they are entitled.

[*Strickland v Washington*, 466 U.S. 668, 685, 104 S. Ct. 2052, 2063 (1984) (citation omitted).]

"Whether a continuance is appropriate in a particular case depends on the facts and circumstances of that case, … with the trial judge considering the length of delay, previous continuances, inconvenience to litigants, witnesses, counsel and the court, whether the delay is purposeful or is caused by the accused, the availability of other competent counsel, the complexity of the case, and whether denying the continuance will lead to identifiable prejudice." *Wilson v. Mintzes*, 761 F. 2d 275, 281 (6th Cir. 1985) (internal citations omitted).

Finally, "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel."

*United States v. Vasquez*, 560 F.3d 461, 466 (6th Cir. 2009) (citation omitted).

Here, the cell phone tower location evidence against Jackson is significant, and the defense needs time for its expert to review the T-Mobile records

subpoenaed in preparation for trial. The evidence will be introduced by the government to connect Jackson to each robbery location and time. The ability at trial to challenge the government's cell tower evidence against Jackson is crucial to the defense. That is why Defendant Jackson himself is asking for a continuance of the trial.

Although there have been prior continuances, a 60-day continuance now would not be lengthy in light of the importance and volume of the T-Mobile evidence. There will not be any inconvenience to the litigants, witnesses, counsel or the Court. This continuance is not purposefully requested as a ploy to delay trial or harm the government. The government has not objected to Defendant Jackson's request for a continuance of trial. Finally, denying the continuance will lead to identifiable prejudice, that is, the defense will not be prepared to confront the government's cell tower evidence.

WHEREFORE, Defendant moves this Honorable Court to continue the April 11, 2023 trial date for at least 60 days.

Respectfully submitted,

/s/*Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant
The David Whitney Building
One Park Avenue, Suite 1207
Detroit, MI 48226

(313) 963-4311
mmag100@aol.com


Dated:  April 3, 2023



### Certificate of Service

I certify that on April 3, 2023, I electronically filed the above *Motion* with

the Clerk of the Court using the CM/ECF system, which served the filing to the

parties of record.

/s/<u>*Mark H. Magidson*</u>
MARK H. MAGIDSON (P25581)
Attorney for Defendant