UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.                                            Case No. 19–cr–20425

                                                       Hon. Bernard A. Friedman

Mario Keeream Jackson,

        Defendant.
_____

## Defendant's Motion in Limine to Compel Discovery

Defendant moves this Honorable Court to order the government to produce Defendant's cell phone data and related reports requested by the defense under Fed. R. Crim. P. 16(a)(1).

    Respectfully submitted,

    /s/ <u>Mark H. Magidson</u>
    Mark H. Magidson (P25581)
    Attorney for Defendant
    The David Whitney Bldg
    One Park Avenue, Suite 1207
    Detroit, MI 48226
    (313) 963-4311
    mmag100@aol.com

    Dated: April 9, 2023

## Certificate Regarding Concurrence

I certify and affirm, in compliance with E.D. Mich. LR 7.1(a)(2)(A), that there was a conference between the attorneys of record in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought,

/s/ *Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant

## Brief in Support of
## Defendant's Motion in Limine to Compel Discovery

### Facts

Defendant Jackson is charged with a 12-count indictment alleging five crimes of violence in violation of the Hobbs Act, five counts of using a firearm "during and in relation to a crime of violence," being a felon in possession of a firearm, as well as other allegations. (Ind., ECF No. 1, PageID.1–7).

The Indictment alleges that Jackson robbed or attempted to rob five different Walgreens stores from about November 2018 until March 2019. Each incident involves surveillance video and multiple res gestae witnesses from each Walgreens store.

In addition, this case involves the government's investigation of cell phone tower data to attempt to identify Jackson. The government has provided defense counsel with notice of its intent to call at trial its cellular telephone communications records expert, FBI Special Agent George F. Rienerth, II. Rienerth is expected to testify about cellular tower data involving Jackson's phone number during the robberies (with location data) and the interaction between Jackson and other person's numbers.

The government has transcripts and recordings of phone calls from inmates in the Michigan Department of Corrections, Melvin Taylor and Anthony Street, who made calls to Jackson. The transcripts of some of the calls identified by the government have been provided to the defense; however, the government has not provided any reports or explanation of how or why those call records were produced by Heather Stevens, a State of Michigan Hearing Specialist for the Michigan Department of Corrections.

Also, the government sought and obtained a search warrant for Jackson's cell phone location data. In the Affidavit to support issuance of the warrant, the government states that

> FBI systems also revealed that [Jackson's cell phone] was in contact with another cellular device that is being used by the subject of a current FBI/OCGVCTF investigation relating to the sale of firearms by a convicted felon. Approximately 18 contacts occurred between September 10, 2018 and October 15, 2018, the timeframe of which is approximately one month prior to the first robbery. [Unredacted Affidavit, ¶ 16, pp. 13–14.]

The recordings, transcripts, and FBI for FD-302 reports of those calls have not been provided to the defense. Defense counsel made the following discovery request to the government:

> 1) On April 19, 2019 TFO Kinal received 8 jail calls made by MDOC inmates to the "target Number" which was Jackson. Are there any 302's or other reports of any kind which led Kinal to request or be provided these calls from Heather Stevens. (See Bates 00324)

2)      In the April 24, 2019 Affidavit in Support of a Search Warrant of Christopher McClain, he notes that "FBI systems also revealed that the Target Cellular Device was in contact with another cellular device that is being used by the subject of a current FBI/OCGVCTF investigation relating to the sale of firearms by a convicted felon." (Bates 00272) It is further noted there were 18 contacts between 9/10/18 and 10/15/18. With respect to these allegations:

> a)      Was there a search warrant (and Affidavit) of any kind regarding that investigation, and if so, please provide the same;
>
> b)      Are there any 302's or any reports of any kind or nature relating to those 18 contacts with the target device, and if so please produce those
>
> c)      Are there any recordings of those 18 contacts, and if so, please produce those;
>
> d)      Are there any summaries of those 18 contacts, and if so, please produce those;
>
> e)      Are there any of the 18 contacts minimized and if so please produce those or the 302's reflecting that.

3)      In paragraph 15 of McClain's Affidavit (Bates 00272) he states that "Affiant and other law enforcement agents received the records from multiple cellular providers and learned that on 12/29/18" the target device was at cell towers near the robberies. Regarding that assertion, are there any 302's or any reports of any kind that describe that finding, and if so, please provide the same.  [Exhibit A – Email, 4/4/23.]

The government refused that request, stating

1. No, there are no additional reports.
2. This was not material to the investigation and is not part of this prosecution. I don't know that any of those records exist, and if they

do, we have not reviewed them. We will not be producing 302s/SWs from a separate case.
3. The CAST report. [Ex. A.]

## Argument

The Federal Rules of Criminal Procedure provide for mandatory disclosure by the government:

> (B) Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
>
> > (i) any relevant written or recorded statement by the defendant if:
> >
> > • the statement is within the government's possession, custody, or control; and
> >
> > • the attorney for the government knows--or through due diligence could know--that the statement exists.
>
> [Fed. R. Crim. P. 16(1)(B)(i).]

In this case, the items requested by the defense are reports or records of Defendant Jackson's statements and cell phone calls made to other subjects the government was investigating. They are in the government's possession or control, and the government knows they exist.

In the Affidavit supporting a search warrant for Jackson's cell phone data, the government admits that it discovered Jackson's cell phone number

through FBI systems that showed Jackson's cell phone was "in contact with another cellular device that was being used by the subject of a current FBI/OCGVCTF investigation relating to the sale of firearms by a convicted felon." (Unredacted Affidavit, ¶ 16, pp. 13–14). "Approximately 18 contacts occurred between September 10, 2018 and October 15, 2018, the timeframe of which is approximately one month prior to the first robbery." *Id.*

Defendant's statements made during those calls, cellular data about those calls, and the FBI FD-302 reports about those calls are relevant to this case and discoverable by the defense.

In addition, if the government had obtained Jackson's cell phone conversations and information by using a wiretap warrant for the other individuals it was investigating, then Jackson has standing to challenge those wiretap warrants, and he would be entitled to the affidavits supporting those warrants. At trial, "any aggrieved person … may move to suppress the contents of any wire or oral communication intercepted … on the grounds that: (i) the communication was unlawfully intercepted; (ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or (iii) the interception was not made in conformity with the order of authorization or approval." 18 U.S.C. § 2518(10)(a).

Even if the government does not intend to rely on the cell phone conversations and cellular data obtained via wiretap (assuming it was), then Jackson may move to suppress on the basis that the way they obtained his information was in violation of the Fourth Amendment, and therefore, the additional information the government is using in this case should be suppressed as fruit of the poisonous tree. *United States v. Calandra*, 414 U.S. 338, 347, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974) (citing *Wong Sun v. United States*, 371 U.S. 471 (1963)).

WHEREFORE, Defendant Jackson moves this Honorable Court to order the government to produce all reports, transcripts, and recordings related to Defendant Jackson's cell phone conversations, cell phone use, data, and location information while he was communicating with any other persons investigated by the government or state law enforcement; in addition, any wiretap evidence and affidavits in support of warrants where Jackson's calls were intercepted while in contact with another cellular device that was being used by the subject of a FBI/OCGVCTF investigation relating to the sale of firearms by a convicted felon.

Respectfully submitted,

/s/ *Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant
The David Whitney Bldg
One Park Avenue, Suite 1207
Detroit, MI 48226
(313) 963-4311
Fax: (313) 995-9146
mmag100@aol.com

Dated: April 9, 2023

## Certificate of Service

I certify that on April 9, 2023, I electronically filed the above *Motion* with the Clerk of the Court using the CM/ECF system, which served the filing to the parties of record.

/s/ *Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant