## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,              Criminal No. 19-cr-20425

v.                           Hon. Bernard A. Friedman

MARIO JACKSON,

       Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL OR FOR A NEW TRIAL

This matter is before the Court on defendant Mario Jackson's renewed motion for judgment of acquittal or for a new trial. (ECF No. 168). The government has filed a response in opposition. (ECF No. 174). The motion will be decided without a hearing. E.D. Mich. LCrR 12.1(a); E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the Court denies the motion.

I.   Background

On May 11, 2023, trial began in this criminal case against Mario Jackson. He was charged with robbery of four Walgreens stores, attempted robbery of a fifth Walgreens store, use of a firearm during and in relation to crimes of violence, entering the premises of a DEA-registered pharmacy with intent to steal controlled

1

substances, and possession of a firearm by a convicted felon.  (ECF No. 93).[1]  On all days of the trial except the last, Jackson was attired in a suit.  Although his legs were restrained, the restraints were not visible to the jury.  On the final day of trial, however, Jackson indicated to his counsel and the Court his desire to appear and testify in his orange prison jumpsuit and full, visible, restraints.  The Court questioned him at length, and he insisted that he be allowed to appear and address the jury in that condition; the Court granted his request.  Jackson's counsel orally moved for judgment of acquittal and the motion was denied.  The jury returned a guilty verdict on all eleven counts.  (ECF No. 172).

Jackson has now filed a renewed motion for judgment of acquittal or for a new trial.  (ECF No. 168).

II.   Legal Standard

Under Fed. R. Crim. P. 29, a defendant may move for "judgment of acquittal of any offence for which the evidence is insufficient to sustain a conviction."  The Court views the evidence in the light most favorable to the government and does not reweigh the evidence or consider the credibility of the witnesses. *United States v. Ray*, 803 F.3d 244, 262 (6th Cir. 2015).  The Court "give[s] the government the

---

[1] The superseding indictment included twelve counts, but the government moved to dismiss Count Six following a ruling from the Supreme Court and it was not presented to the jury.  (*Id.*); (ECF No. 172); (ECF No. 174, PageID.1058, n.1).

benefit of all reasonable inferences from the testimony." *Id.* "Evidence is sufficient to support a conviction if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* Although circumstantial evidence alone may support a conviction, *id.*, the prosecution must present substantial evidence as to each element of the offense, *Brown v. Davis*, 752 F.2d 1142, 1145 (6th Cir. 1985).

Under Fed. R. Crim. P. 33(a), "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The "interest of justice" standard allows a district court to grant a new trial "where substantial legal error has occurred," including any reversible error and errors that jeopardized the substantial rights of the defendant. *U.S. v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010).

III.   <u>Analysis</u>

     a.   *Jackson's Renewed Motion for Acquittal is Denied*

Jackson urges the court to enter a judgment of acquittal because the "evidence was insufficient to establish each element of the offenses beyond a reasonable doubt, even when considered in a light most favorable to the government." (ECF No. 168, PageID.982). In support, he identifies 34 items relating to "[t]he government's circumstantial evidence and witnesses" and 11 items pertaining to "[d]efense witnesses." (*Id.*, PageID.982-87). The issues are wide ranging and include the

absence of specific forms of identification; the lack of evidence pertaining to any cash, pills or large purchases; the ambiguity related to the blue SUV seen at one of the robberies; the uncertainties related to the cell tower evidence; the dearth of evidence showing that Jackson exerted control over the Glock pistol; the deficiencies in and differing interpretations of the DNA evidence; the absence of proof as to how Jackson could have acquired the "inside knowledge" required to commit these crimes; the absence of testimony as to how the crimes affected interstate commerce; the lingering uncertainty related to the seized clothing; the conflicting information about who was in possession of his phone; the delay in turning the gun over to the lab for testing; and the testimony offered by Jackson himself which contradicted other evidence.  (*Id.*).

As the government points out however, overwhelming evidence was offered in support of each of the elements of the offenses charged.  This Court may not now substitute its own judgment for that of the jury by reweighing that evidence or considering the credibility of the witnesses.  *Ray*, 803 F.3d at 262.  Jackson may disagree with the jury's interpretation of the evidence presented and their final decision, but there was certainly "substantial evidence" offered to support the verdict reached in this case.  *Brown*, 752 F.2d at 1145 (cleaned up).  That is: the government produced "evidence affording a substantial basis of fact from which the fact[s] in issue [could] reasonably be inferred."  *Id.* (cleaned up).  Several law enforcement

and civilian witnesses were called and scores of exhibits were introduced, including security videos, cell phone data, clothing, and jail calls.  In so far as some of Jackson's own evidence contradicted that  which was offered by the government, on a motion for judgment of acquittal the Court views the evidence in the light most favorable to the prosecution to see "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Ray*, 803 F.3d at 262. Here, given the overwhelming evidence of guilt offered by the government, and abiding by the rule that all evidence is to be viewed in the light most favorable to the prosecution, the motion for judgment of acquittal is properly denied.

> b.  *Jackson's Motion for a New Trial is Denied*

Jackson alternatively asks the Court for a new trial under Fed. R. Crim. P. 33, arguing "that it was plain error to allow Jackson to testify in his jail jumpsuit and restraints, especially without providing an instruction to the jury about why Jackson was in his jail jumpsuit and restraints."  (ECF No. 168, PageID.988).  Jackson urges that his decision to testify in this manner "was out of character" as he had, prior to that time, "consistently asserted all of his Constitutional, statutory, and procedural rights."  (*Id.*, PageID.989).

The Supreme Court has stated that "[t]he law has long forbidden routine use of visible shackles during the guilt phase; it permits a State to shackle a criminal defendant only in the presence of a special need."  *Deck v. Missouri*, 544 U.S. 622,

626 (2005).  However, as Jackson acknowledges, the decision to testify while visibly restrained and in an orange jumpsuit was his own.  He was questioned on the record and repeatedly indicated his understanding and desire to proceed in that attire and set of cuffs and chains.  It would be absurd to grant him a new trial at this juncture on the grounds that the Court *complied* with his request.  *See Estelle v. Williams*, 425 U.S. 501, 507-08 (1976) (noting that courts have refused to adopt a categorical rule vitiating any conviction in which the accused appeared in prison garb in part because "it is not an uncommon defense tactic to produce the defendant in jail clothes in the hope of eliciting sympathy from the jury"; rather, the accused must have *objected* to being tried in jail garments).

As to whether the jury should have been instructed regarding why Jackson appeared on the last day of trial in his jumpsuit and restraints, the Court notes that during his testimony Jackson could have provided an explanation to the jury as to why he had requested to appear in that condition.  And none of the caselaw cited by Jackson in support of the proposition that the Court should minimize prejudice to the defendant involves a situation in which the defendant *requested* to be visibly restrained.  It is illogical to assert that Jackson was prejudiced because the Court agreed to his demand.  A new trial would not serve the interest of justice.

Accordingly,

IT IS ORDERED that defendant's renewed motion for judgment of acquittal or for a new trail (ECF No. 168) is DENIED.

**SO ORDERED.**

s/Bernard A. Friedman

Dated: July 11, 2023                    Hon. Bernard A. Friedman
    Detroit, Michigan                    Senior United States District Judge