UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                     Case No. 19-cr-20425

v.                                      Honorable Linda V. Parker

MARIO KEEREAM JACKSON,

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S "MOTION FOR CLARIFICATION OF SENTENCE" (ECF NO. 223)

On May 23, 2023, a federal jury found Defendant Mario Keeream Jackson guilty on five counts of Hobbs Act Robbery, four counts of Brandishing a Firearm During and in Relation to a Crime of Violence, one count of Entering Premises of a DEA-Registered Pharmacy with Intent to Steal Controlled Substances, and one count of Felon in Possession of a Firearm or Ammunition. (ECF No. 172.) On March 12, 2024, the Honorable Bernard F. Friedman, who presided over the trial, sentenced Defendant to the following terms of imprisonment:

> One Day, per Count, as to Counts 1, 3, 5, 7, 9, 11 and 12 to run concurrent to each other; and 84 months, per count, as to Counts 2, 4, 8, and 10, to run consecutive to all other Counts for a total of 336 months and one day, to run consecutive to the defendant's undischarged terms of imprisonment out of the 3rd Circuit Court, Docket Numbers 12-004436-01-FH and 14-006836-01-FH.

(ECF No. 208.)  The Sixth Circuit Court of Appeals affirmed Defendant's

convictions and sentence on February 3, 2025.  (ECF No. 221.)

Defendant filed a motion for "clarification of sentence" on March 7, 2025.

(ECF No. 223.)  According to Defendant, the Bureau of Prisons ("BOP") provided

him with a calculation of his sentence which fails to account for approximately 67

months of accumulated time in detention.  He asks the Court to "clarify to the

Federal Bureau of Prisons the intended impose[d] sentence."  (*Id.* at PageID.2528.)

The United States of America asserts two arguments in opposition to Defendant's

motion.  (ECF No. 228.)  First the United States argues that district courts are not

authorized to compute jail-time credit.  Next, the United States argues that this

Court lacks the authority to order relief because Defendant was required to first

exhaust his administrative remedies and to seek relief pursuant to a petition under

28 U.S.C. § 2241 in the judicial district of confinement (i.e., a district court in

Mississippi).

Judge Friedman's sentence does not require clarification as it plainly sets

forth the terms imposed and that the sentence is to run consecutive to Defendant's

undischarged terms of imprisonment out of two state court cases.  Defendant "has

the right to receive credit for time served in official detention before his sentence

begins, if that time has not been credited against another sentence."  *United States

v. Brown*, No. 24-5199, 2025 WL 1696167, at *8 (6th Cir. June 17, 2025) (citing 18

U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 330 (1992).  However,

"[o]nly the Attorney General or the Bureau of Prisons (through the Attorney

General) can grant the credit." *Id.* (citing *Gilbert v. United States*, 64 F.4th 763,

772 n.4 (6th Cir. 2023); *Wilson*, 503 U.S. at 333).  The computation of the credit

occurs after the defendant begins his sentence; therefore, the district court's

sentence cannot apply that credit or reflect it.  *See Wilson*, 503 U.S. at 333.  In

other words, Judge Friedman's sentence cannot be "clarified" to reflect

Defendant's jail-time credit.

To the extent Defendant believes the BOP has erred in its calculation of the

jail-time credit he deserves, the proper mechanism to raise that challenge is a

petition under 28 U.S.C. § 2241.  *See United States v. Board*, 747 F. App'x 405,

408 (6th Cir. 2018) (citing *United States v. Oglesby*, 52 F. App'x 712, 714 (6th Cir.

2002); *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991)).  A petition

under § 2241 must be filed in the judicial district where the prisoner is confined.

*Id.* (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  But first, Defendant

must exhaust his administrative remedies.  *Id.* (citing *Oglesby*, 52 F. App'x at 714).

For these reasons, the Court **DENIES** Defendant's motion for clarification

of his sentence.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: September 30, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 30, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager