UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                        Case No. 19-cr-20425

v.                                  Honorable Linda V. Parker

MARIO KEEREAM JACKSON,

        Defendant.

_____/

**OPINION AND ORDER GRANTING THE UNITED STATES OF
AMERICA'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE
TO DEFENDANT' MOTION TO VACATE PURSUANT TO 28 U.S.C.
§ 2255 AND FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE
(ECF NO. 238)**

On May 23, 2023, a jury found Defendant Mario Keeream Jackson guilty of five counts of Hobbs Act Robbery, four counts of Brandishing a Firearm During and in Relation to a Crime of Violence, one count of Entering Premises of a DEA-Registered Pharmacy with Intent to Steal Controlled Substances, and one count of Felon in Possession of a Firearm or Ammunition.  (ECF No. 172.)  On March 12, 2024, the Honorable Bernard F. Friedman, to whom the case was then assigned, sentenced Jackson to a term of imprisonment of 336 months and one day.[1]  (ECF No. 208.)  The Sixth Circuit Court of Appeals affirmed Jackson's convictions and

---

[1] On June 6, 2025, the matter was reassigned to the undersigned pursuant to Local Criminal Rule 57.10.

sentence on February 3, 2025 (ECF No. 221), and the United States Supreme Court denied his petition for writ of certiorari on June 4, 2025 (ECF No. 226).

Jackson has filed a motion to vacate his convictions and sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 234.)  In the motion, Jackson argues, in part, that he received ineffective assistance of trial counsel.  The Court has ordered the United States to respond to the motion by March 10, 2026.  (ECF No. 236.)  However, on February 20, 2026, the United States filed a motion asking the Court to find that Jackson waived the attorney-client privilege with respect to the claims in his motion, so that it could obtain communications between Jackson and his trial counsel related to his claims.  (ECF No. 238.)  The United States also seeks more time to respond to Jackson's motion in light of its need to obtain this information.

By raising ineffective assistance of counsel based on communications between Jackson and his trial attorney as grounds for relief, Jackson waives the attorney-client privilege to the extent necessary to litigate his claims.  *See In re Lott*, 424 F.3d 446, 453-54 (6th Cir. 2005).

Accordingly,

**IT IS ORDERED** that the motion for order recognizing that Jackson waived the attorney-privilege (ECF No. 238) is **GRANTED** in that the Court finds the privilege waived as to the communications between Jackson and attorney Mark Magidson which are the subject of Jackson's pending motion under § 2255.

2

**IT IS FURTHER ORDERED** that the motion for an extension of time to respond to Jackson's § 2255 motion is **GRANTED** in that the deadline is extended to May 4, 2026.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: February 23, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 23, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

3